**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § § | **CIVIL ACTION NO. _____** |
| | § | |
| **HOSPITALITY USA INVESTMENT GROUP, INC., and SHERLOCKS USA INC.** | § § § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.      This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to afford appropriate relief to Jennifer Skopinski and other female employees who were adversely affected by such practices.  Defendants unlawfully discriminated against female employees by subjecting them to disparate treatment and different terms and conditions of employment compared with male employees, and by subjecting them to unlawful sexual harassment.  Defendants also unlawfully retaliated against Ms. Skopinski because of her complaints about the work environment to which she was subjected.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

4.      The employment practices alleged to be unlawful were committed in Houston, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

5.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

6.      At all relevant times, Defendant Hospitality USA Investment Group, Inc. has continuously been a Texas corporation doing business in the State of Texas, the City of Houston and Harris County, Texas, and has continuously had at least fifteen (15) employees.  Hospitality USA Investment Group, Inc., may be served with process by serving its registered agent, Larry Martin, 1414-A Upland Drive, Houston, Texas 77043.

7.      At all relevant times, Defendant Hospitality USA Investment Group, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

8.      At all relevant times, Defendant Sherlocks USA, Inc., has continuously been a Texas corporation doing business in the State of Texas, the City of Houston and Harris County, Texas, and has continuously had at least fifteen (15) employees.  Sherlocks USA, Inc., may be served with process by serving its registered agent, William Dearing, 10001 Westheimer Rd., Suite 2840, Houston, TX 77042.

9.     At all relevant times, Defendant Sherlocks USA, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

10.     More than thirty days prior to the institution of this lawsuit, Jennifer Skopinski filed a charge with the Commission alleging violations of Title VII by Hospitality USA and Sherlock's, and all conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge and an attempt to conciliate the matter.

11.     Since at least February 2005, Defendants engaged in unlawful employment practices at their business, Sherlock's Baker St. Pub ("Sherlock's Pub"), located on Westheimer Road in Houston, Texas.  These unlawful actions were in violation of Sections 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).  The practices included subjecting females to unlawful sex discrimination, including sexual harassment, and unlawfully retaliating against Ms. Skopinski.

12.     Having previously worked for Defendants, Jennifer Skopinski was rehired as a waitress at Sherlock's Pub in Spring 2003.  In 2004, Jeffrey G. Miller became General Manager of the Pub and thus, supervised Ms. Skopinski and the other female employees at the Pub.

13.     Through Miller's actions, Defendants subjected female employees to an unlawfully hostile work environment, and subjected female employees to different terms and conditions of employment than male employees.

14.     Miller engaged in physically abusive acts towards Ms. Skopinski and other female employees under his supervision, including, but not necessarily limited to, the following: grabbing and twisting Skopinski's arm; spanking Skopinski's rear-end extremely hard; punching

Skopinski's arm with sufficient force to leave a golf-ball sized bruise which lasted for more than two weeks; violently lifting his knee into Skopinski's tail bone, bringing immediate tears to her eyes; kicking a female employee in the shin with his boots; pushing a waitress up against a wall; and forcefully squeezing a female employee's nipples in front of other employees.

15.     Skopinski was pinched or slapped by Miller on a regular basis when he passed by her in the Pub.  Miller also struck other female employees, and often rubbed their shoulders without their consent.

16.     In addition to the physically harassing and abusive conduct, Miller would verbally abuse female staff in front of co-workers and even bar patrons by referring to female subordinates by vulgarities such as "bitch" and "cunt."

17.     On multiple occasions, Skopinski complained to Defendants' upper management about Miller's actions.  When Miller learned that Skopinski had complained, he retaliated against her by assigning her to less favorable "wait stations," and to work hours designed to create conflicts with Skopinski's school schedule and her caring for her child.

18.     Despite Skopinski's complaint in 2005, Defendants failed to take corrective action to prevent further harassment.  After Skopinski's complaint in 2006, Defendants took no action to either reprimand Miller or prevent further harassing and abusive behavior.

19.     The effect of these unlawful practices has been to deprive Ms. Skopinski and other female staff at Sherlock's Pub of equal employment opportunities, and to otherwise adversely affect their status as employees because of her their sex, female.

20.     The unlawful employment practices complained of above were intentional.

21.     The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Skopinski and other female

employees at Sherlock's Pub, in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sex discrimination, and any other employment practice which discriminates on the basis of sex.

B.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in retaliation against employees who make good-faith complaints of discrimination.

C.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendants to make whole Jennifer Skopinski and other female employees who were victimized by unlawful sex discrimination by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement where appropriate, or order an award of front pay in an amount to be proved at trial if reinstatement is impractical.

E.     Order Defendants to make whole Jennifer Skopinski and other female employees who were victimized by unlawful sex discrimination, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraphs 11–18, above, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

F.      Order Defendants to make whole Jennifer Skopinski and other female employees who were victimized by unlawful sex discrimination by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11–18, above, including emotional pain and suffering, in an amount to be determined at trial.

G.      Order Defendants to pay Jennifer Skopinski and other female employees who were victimized by unlawful sex discrimination punitive damages for their malicious and reckless conduct described in paragraphs 11-18, above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

  /s/ Connie K. Wilhite
Connie K. Wilhite
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. Of Texas No. 23624
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002